IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SARAI HIGUERON AND <br> VILEY SHEIDA BERMUDEZ <br>   Plaintiffs, <br><br> vs. <br><br> BRYAN WOODRUFF, MN EXPRESS, INC. AND LINE EXPRESS, INC. <br>   Defendants. | § § § § § § § § § § | C.A. No. 4:23-CV-319 |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTER-CLAIM

COME NOW Defendants/Counter-Plaintiffs, **BRYAN WOODRUFF, LINE EXPRESS, INC. AND MN EXPRESS, INC.**, by their attorney, and for their Answer and Counter-Claim to the Plaintiff's Original Petition state as follows:

### I. DISCOVERY

1. State court averment is not applicable to federal court proceeding.

### II. PARTIES

2. Defendants/Counter-Plaintiffs admit Plaintiffs/Counter-Defendant are individuals and residents of Texas.

3. Defendants/Counter-Plaintiffs BRYAN WOODRUFF admits the averment in this paragraph.

4. Defendants/Counter-Plaintiffs, MN EXPRESS, INC. admits the averment in this paragraph.

5. Defendants/Counter-Plaintiffs, MN EXPRESS, INC. admits the averment in this paragraph.

6. Defendants/Counter-Plaintiffs, LINE EXPRESS, INC. admits the averment in this paragraph.

### III. JURISDICTION AND VENUE

7. Defendants/Counter-Plaintiffs deny that state court is the proper forum as there is diversity

of citizenship among the parties.  Defendants/Counter-Plaintiffs admit Harris County is where the alleged cause of action accrued.

## IV.   FACTS

8. Defendants/Counter-Plaintiffs admit the automobile accident in question occurred at the location in the averment.

9. Defendants/Counter-Plaintiffs BRYAN WOODRUFF was driving the tractor in question. Defendants/Counter-Plaintiffs state LINE EXPRESS, INC. was the registered owner of the tractor.

10. Defendants/Counter-Plaintiffs deny the allegations of fact contained in the paragraph under this section.

11. Defendants/Counter-Plaintiffs deny Plaintiffs sustained serious and debilitating injuries from the accident in question.

## V.   NEGLIGENCE BRYAN WOODRUFF

12. Defendants/Counter-Plaintiffs deny the allegations in this paragraph, and subsections a. – g. of this section.

## VI.   NEGLIGENCE OF MN EXPRESS, INC. AND/OR LINE EXPRESS INC.

13. Defendants/Counter-Plaintiffs deny all the allegations in this paragraph as to both MN Express, Inc. and Line Express, Inc. alleged failures to properly train, manage, monitor and/or supervise Defendant Woodruff.  Defendants further deny any acts or omissions by each of them were a proximate cause of the alleged injuries and damages.

14. Defendants/Counter-Plaintiffs deny the allegations in subsection b. of this section. Bryan Woodruff was not an incompetent or reckless driver as alleged.

### VII. VICARIOUS LIABILITY OF DEFENDANTS MN EXPRESS, INC. AND LINE EXPRESS, INC.

15. Defendant/Counter-Plaintiff MN Express, Inc. admits that Bryan Woodruff was its employee and he was acting within the course and scope of this employment at the time of the accident and further that MN Express, Inc. would be vicariously liable for his actions. Defendant/Counter-Plaintiff, Line Express, Inc. denies Bryan Woodruff was its employe and that he was acting with the course of scope of his employment at the time of the accident. Therefore, Line Express, Inc. is not vicariously liable for his alleged actions.

### VIII. DAMAGES

16. Defendants/Counter-Plaintiffs deny the allegations made in this paragraph and those made in subsections a. – g.

16.a. Defendants/Counter-Plaintiffs deny the allegations made in subsection a. of this section.

16.b Defendants/Counter-Plaintiffs deny the allegations made in subsection b. of this section.

16.c Defendants/Counter-Plaintiffs deny the allegations made in subsection c. of this section.

16.d Defendants/Counter-Plaintiffs deny the allegations made in subsection d. of this section.

16.e Defendants/Counter-Plaintiffs deny the allegations made in subsection e. of this section.

16.f Defendants/Counter-Plaintiffs deny the allegations made in subsection f. of this section.

16.g Defendants/Counter-Plaintiffs deny the allegations made in subsection g. of this section.

### IX. RULE 47 NOTICE

17. Defendants/Counter-Plaintiffs deny that Plaintiffs/Counter Plaintiff have been sustained injuries and damages in the amount plead.

### X. RULE 193.7 NOTICE

18. Defendants/Counter-Plaintiffs deny the applicability of this state court rule in federal court.

## XI. PRAYER

19. Defendants/Counter-Plaintiffs deny Plaintiffs/Counter Defendant are entitled to the relief requested or that they are entitled to Judgment in this case. Defendants/Counter-Plaintiffs deny the allegations and assertions made in this paragraph of this section

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

20. Defendants/Counter-Plaintiffs say that Plaintiffs failed to properly mitigate their damages.

21. Defendants/Counter-Plaintiffs states that Plaintiffs failed to mitigate their damages in failing to follow their medical treaters' instructions.

### SECOND AFFIRMATIVE DEFENSE

22. Defendants/Counter-Plaintiffs contend that to the extent that Plaintiffs/Counter-Defendants are asserting a recovery of loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, the limitations of §18.091 of the Texas Civil Practice and Remedies Code apply.

### THIRD AFFIRMATIVE DEFENSE

23. Defendants/Counter-Plaintiffs contend that, to the extent medical costs are claimed as an element of damages in this case, pursuant to § 41.0105 of the TEX. CIV. PRAC. & REM. CODE, Plaintiffs' recovery of medical or health care expense is limited to the amount actually paid or incurred by or on behalf of the plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

24. Specially answering, Defendants/Counter-Plaintiffs say on the occasion in question Sarai Higueron failed to exercise that degree of care which a person of ordinary care would have exercised in the same or similar circumstances, and that such failure was the sole cause and/or proximate cause of the alleged injuries.

25. Sarahi Higueron was negligent for failing to keep a proper lookout, driving too fast for conditions, failing to pay attention, driving while distracted, not braking efficiently, changing lanes when unsafe, not making a reasonable effort to avoid the collision, and driving in a reckless and/or unsafe manner.

### FIFTH AFFIRMATIVE DEFENSE

26. Pursuant to TEX. FIN. CODE § 304.1045, prejudgment interest is not recoverable on a finding, if any, of future damages found by the trier of fact.

### BIFURCATION PURSUANT TO TEXAS CIVIL PRACTICE & REMEDIES CODE 72.001 *ET. SEQ.*

27. Defendants/Counter-Plaintiffs request that the Court Bifurcate the Trial of this matter as provided for in Texas Civil Practice & Remedies Code 72.001 *et. seq.* Defendant/Counter-Plaintiff **MN EXPRESS, INC.** hereby stipulates that at the time of the alleged accident in question. Defendant/Counter-Plaintiff **BRYAN WOODRUFF**, was acting in the course and scope of his work for **MN EXPRESS, INC.** Defendant/Counter-Plaintiff plead application of the Texas Civil Practice & Remedies Code §§72.051-72.055 *et. seq.* in this case. Defendants are entitled to bifurcation of the trial and respectfully move for the same.

### COUNTER-CLAIM AGAINST SARAI HIGUERON

28. **SARAI HIGUERON's** negligent conduct, through various acts and omissions as outlined in paragraphs 24 and 25 above, singularly or in combination, was the sole proximate or a contributing cause of the motor vehicle accident in question. Therefore, **SARAI HIGUERON** is liable to **VILEY SHEIDA BERMUDEZ** for claims against Defendants/Counter-Plaintiffs. Consequently, pursuant to Texas Civil Practice & Remedies Code §33.016, Defendant/Counter-Plaintiffs are entitled to contribution, of and from **SARAI HIGUERON,** for any and all damages awarded to Plaintiff, **VILEY SHEIDA BERMUDEZ,** against Defendants.

29. Counter-Defendant, **SARAI HIGUERON**, is liable to **BRYAN WOODRUFF, LINE EXPRESS, INC. AND MN EXPRESS, INC.** for contribution for Plaintiff, **VILEY SHEIDA BERMUDEZ**'s claimed personal injuries.

WHEREFORE, Defendants/Counter-Plaintiffs pray that Plaintiffs/Counter-Defendants take nothing by this suit against Defendants/Counter-Plaintiffs, Defendants/Counter-Plaintiffs for such other and further relief, both general and special, at law and in equity, to which Defendants/Counter-Plaintiffs may be justly entitled.

Respectfully submitted,

**MAYER** LLP

_____
Roger D. Oppenheim
SBN: 15292400
FBN: 14206
roppenheim@mayerllp.com
Maria B. Troegel
SBN: 20232600
mtroegel@maerllp.com
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      On this 2nd day of February, 2023, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Corey Gomel
Joseph Malouf
**GOMEL & ASSOCIATES, P.C.**
1177 West Loop South, Suite 1400
Houston, Texas 77027
E-Mail: e-service@713abogado.com

_____
Roger D. Oppenheim